EDWARD N. DAUCHY, Respondent, *v.* ROBERT F. SILLIMAN AND
OTHERS, Appellants.

(GENERAL TERM, THIRD DISTRICT, SEPTEMBER, 1868).

The decision of a referee will not be reversed on appeal, upon the ground
that it is given against a preponderance of testimony as respects the
number of witnesses, where the evidence is conflicting, and no fact clearly
ascertained, controls the case.

Where common carriers by water, under false and fraudulent representa
tions, as to the character of their vessel, made a special contract, to carry
goods at the shipper's risk, he insuring at the carriers expense; and the
shipper failing to effect an insurance, because the vessel was not as repre-
sented, prohibited the carriers before the voyage began, from taking the
goods, and they persisting, the goods were damaged on account of a col-
lision on the way.—*Held,* that the shipper might treat the carriers as if
they had undertaken to transport the goods without limitation of their
liability, and sue, and recover from them, upon that theory.

THIS was an appeal by the defendants from a judgment
entered on the report of a referee.

The action was against the defendants, as common carriers,
for damage to a quantity of rye, shipped by the plaintiff, on
their boat at Troy, in December, 1862, to be carried to New
York.

The complaint averred that defendants, as common carriers,
received the rye, under a special agreement to carry, at a
specific charge for carriage, and an additional charge for extra
towing; that the rye was carried, but was damaged by wet
on the voyage. The answer admitted the occupation of the
defendants, that they received the rye, and carried it, and
that it was damaged; but alleged, that by the freighting
agreement, the plaintiff was to assume all the risks of the
voyage, the defendants being in no manner liable for the safe
transportation of the rye; and that the plaintiff was to get
the rye insured, defendants to pay the cost of the insurance.

It appeared that the voyage was late; that the river was
obstructed by ice, and that at Albany, the defendants' boat
ran against another boat lying in the river, causing a leak,

which produced the damage. It was conceded that the defendants' boat was navigated in the ordinary way, and that proper care was taken of the cargo, after injury. And the referee found, that the defendants exercised proper skill and care, in the navigation of the boat, and in notifying the plaintiff of the loss, and in preserving her cargo. The contract for carriage, as alleged in the answer, was substantially proven, and the referee found that by it, "plaintiff was to take all the risks of the voyage, and that defendants were not to take any of the risks of the transportation." And also, that "plaintiff was to procure insurance upon the cargo, and defendants were to pay the premium therefor."

The plaintiff gave evidence to show, that at the time of the agreement, the defendants falsely represented, that the boat, by which the rye was to be carried, ranked as a second class boat, when in fact she was rated as one of the third class on the insurance register, made up in New York; that, therefore, the plaintiff could not obtain insurance upon the cargo; that on learning this, before the boat sailed, he notified the defendants, and forbade the transportation of the rye, and that the defendants, nevertheless, carried it to New York. Conflicting testimony was given on these issues. The referee found for the plaintiff.

Judgment passed against the defendants upon the theory, that their alleged false representation, as to the class of their boat, entitled the plaintiff to rescind the special contract, and forbid the transportation of rye; and that he did so, and defendants having wrongfully carried the rye, the plaintiff could treat them as common carriers thereof, and recover.

The defendants excepted to all the findings, upon which this theory was founded, and to the legal conclusions upon it.

*W. A. Beach*, for the appellants.

*John B. Gale*, for the respondents.

Present--INGALLS, HOGEBOOM and PECKHAM, JJ.

By the Court—PECKHAM, J.  I have carefully examined the evidence upon the questions of fact presented and urged by the appellants, and I am satisfied that this court should not interfere with the judgment upon either of such grounds. The contradictions are clear and absolute, and it was a proper case for the referee to decide as to the credibility of the witnesses.  There is no conceded or clearly proved fact that controls the case.  Upon some points the defendants have much the greater number of witnesses, but there is nothing in the testimony or facts that will allow this court to overrule the sound principle that witnesses "must be weighed, not counted;" and the referee who had the witnesses before him was better qualified than this court can be for that purpose. There is one important fact proved on the trial in reference to the contract, viz. : That defendant, Robert F. Silliman, telegraphed to New York for the insurance of this rye on the evening when the plaintiff alleges he had forbidden Silliman to carry the rye, and Silliman testified that he was requested to so telegraph.  This the plaintiff positively denies.  It will be remembered that by the contract as conceded by both parties the plaintiff was to get the rye insured at the defendants' expense.  It is a very pertinent fact that Silliman telegraphed to have the rye insured when he did ; but as I do not intend to discuss the facts at length, I will not pursue this further.  There is much contradictory evidence whether plaintiff requested Silliman so to telegraph.

The only question as to which we entertain any doubt is whether the plaintiff can treat the defendants as common carriers, and sue them as such when they took the rye contrary to and in defiance of the plaintiff's orders.  Under the circumstances, we think he can.  According to the findings of the referee, the defendants agreed to carry the rye substantially at plaintiff's risk at a given price ; the plaintiff agreeing to get the rye insured at the defendants' expense.  This contract was based upon the representation of the defendants, that the boat on which it was to be carried was a second-class boat. In fact, she was found to be a third-class, within the meaning

of the parties; thus materially affecting the contract and the safety of the rye. Thereupon the plaintiff, failing to get her insured, forbade the transportation. Yet the defendants proceeded, and the rye was on the voyage injured to the amount of the damages found for the plaintiff.

The defendants insisted upon conveying the rye. It is clear, under these facts as found, that the defendants could not claim the exemptions from peril provided by the original contract. By a material misrepresentation the defendants had authorized the plaintiff, the moment he discovered it, to terminate the contract, and forbid the carrying of the rye. He did so. If the defendants still insisted upon carrying the rye they did so, we think, at their own peril, and upon risks and responsibilities incident to their employment. The plaintiff very likely may have treated them as wrong-doers, and thus prosecuted them. But we see no objection to his treating them as common carriers without any qualification or modification of their liabilities under the contract which was avoided by their misrepresentation. It may well be that the contract was void even as to the price of transportation, as well as in other respects; no doubt it was, but no question as to that was raised at the trial, and none can therefore be presented here. I have carefully examined all the points presented by the appellants. I think no error was committed by the referee, and the judgment is affirmed.

Judgment affirmed.